IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| HEATHER ELDRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-05075-CV-SW-MDH-SSA |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Heather Eldred's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for Supplemental Security Income under the Social Security Act (the "Act"). Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED.**

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income on November 28, 2016. (Tr. 156-61). Her application was denied on December 29, 2016. (Tr. 67-80). Plaintiff filed a Request for Hearing on February 27, 2017.1 (Tr. 10). A hearing was held on October 3, 2018. (Tr. 28-50). The ALJ subsequently issued an unfavorable decision on November 23, 2018. (Tr. 7-27). The ALJ determined that Plaintiff had not engaged in substantial gainful activity since her application date of November 2, 2016. (Tr. 12). The ALJ determined that Plaintiff suffered from severe impairments of obesity, degenerative changes of the knees, irritable bowel syndrome,

hypertension, history of cardiomyopathy, reactive airway disease/asthma, social anxiety disorder, persistent depressive disorder, and personality disorder. (Tr. 12). While the ALJ did not conclude that any of these conditions met or equaled a listed condition (Tr. 13-15), she did note some limitations. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a range of sedentary work with mental and physical limitations (Tr. 15). Specifically, the ALJ found that Plaintiff retained the following RFC:

> to perform sedentary work…in that she can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. She can stand or walk in combination for 4 hours in an 8-hour workday, and can sit for 6 hours in an 8-hour workday. The claimant needs the opportunity to alternate positions between sitting and standing as frequently as every 20 minutes without a loss of productivity. The claimant needs the opportunity to elevate the lower extremities to 10 inches while seated. The claimant can occasionally climb ramps and stairs, may not climb ladders, ropes and scaffolds, and can occasionally balance, stoop, knee, crouch and crawl. The claimant can tolerate no more than occasional exposure to wetness, extremes of heat and cold and pulmonary irritants such as fumes, odors, dusts, and gases. The claimant may not be exposed to hazards such as unprotected heights and machinery with exposed moving mechanical parts. The claimant can understand, remember and execute simple instructions and can perform simple, routine tasks that do not require more than occasional interaction with coworkers, supervisors, and the general public. The claimant may not work in locations with dense crowds (e.g. fairs, festivals, and busy retail locations like the sales floor of a busy department store). The claimant can make simple work-related decisions and can adapt to changes in the work setting which are consistent with the aforementioned limitations.

(Tr. 15-16). Relying on the vocational expert's testimony, the ALJ determined that there was a significant number of jobs in the national economy that Plaintiff could perform, and she was therefore not disabled. (Tr. 23). The ALJ found that Plaintiff was able to perform work as a document specialist (DOT# 249.587-018), clerical mailer (DOT# 209.587-010), and charge account clerk (DOT# 205.367-014). *Id*.

On August 15, 2019, Social Security Administration's Appeals Council denied Plaintiff's request for review (Tr. 1-4). Thus, Plaintiff has exhausted her administrative remedies, and the

ALJ's decision stands as the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3).

As framed by Plaintiff, there are two issues presented in this case. First, Plaintiff asserts that the ALJ did not address whether Plaintiff's report that she needed to elevate her legs to hip level was consistent with the evidence as a whole and that the ALJ did not properly evaluate the consistency of Plaintiff's statements with the evidence as a whole. Second, Plaintiff argues that the RFC is not supported by substantial evidence, because the ALJ gave some weight to Dr. Bray's (a treating physician) opinion but then arguably failed to include relevant limitations from the opinion in the RFC and provided no explanation for why those limitations were not included. (Doc. 8, 1).

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the

Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

**I. The ALJ's conclusion as to Plaintiff's required leg elevation is supported by substantial evidence**

The ALJ found that Plaintiff required the "opportunity to elevate the lower extremities to 10 inches while seated." (Tr. 15). Plaintiff argues she is even more limited than that, and the ALJ should have found that she was limited to work that would allow her to elevate her legs to hip level for an hour-and-a-half at a time. (Doc. 8, 4). The medical record indicates that edema was not an ongoing problem after June of 2016 and, on numerous occasions thereafter, providers noted the absence of edema (Tr. 382, 421, 437, 522, 529, 540, 626). Plaintiff herself testified that she must elevate her legs to "[p]robably hip level" for a couple of hours. (Tr. 37).

Plaintiff argues that the ALJ failed to state why she found that Plaintiff's testimony about elevating her legs was not consistent with the evidence. (Doc. 8, 5). However, the ALJ summarized

Plaintiff's allegations about her symptoms, including testimony about elevating her legs, and then observed that Plaintiff's edema had improved and subsequent evaluations showed no edema. (Tr. 16, 17, 18, 19). The ALJ clearly identified the inconsistencies between the medical record and Plaintiff's testimony. (Doc. 9, 5).

To the extent the ALJ did not adopt all of the limitations Plaintiff stated in her testimony, it is reasonable to believe that the ALJ found that Plaintiff was not that limited. *See Davis v. Colvin*, No. 14-05075, 2015 WL 1964791, at *5 (W.D. Mo. May 1, 2015) ("to the extent that the ALJ did not include certain limitations, it is reasonable to believe that the ALJ found Plaintiff was not limited in those functions"). Additionally, the substantial evidence standard is not so rigorous that an ALJ cannot follow implications or draw conclusions from the record. *See Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2015) (substantial evidence standard exists where there is enough evidence in the record that a reasonable mind might accept it as adequate to support the decision). Rather, the standard is one of reasonableness, and the ALJ's determination that Plaintiff needed the option to elevate her legs 10 inches was reasonable in light of the her doctor's recommendation that she elevate her legs "when resting" (Tr. 263). *See Biestek*, 139 S. Ct. at 1154 (substantial evidence is that that a reasonable mind would accept as adequate to support a conclusion). (*See generally* Doc. 9, 6). This Court agrees with the Commissioner that substantial evidence supports the ALJ's determination that Plaintiff's limitations do not include a requirement that Plaintiff be able to elevate her legs to hip level, and the ALJ properly identified the inconsistencies between Plaintiff's own testimony and the medical record.

## II. The ALJ's conclusion as to Plaintiff's social limitations is supported by substantial evidence

Plaintiff next argues that the ALJ's RFC is not supported by substantial evidence in that the ALJ gave some weight to a treating physician's—Dr. Bray—opinion but failed to include a

limitation from Dr. Bray's opinion in the RFC and did not explain why it was not included. (Doc. 8, 9). The RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (internal quotes omitted). When assessing a claimant's residual functional capacity, the ALJ must base the assessment on all of the relevant evidence, including medical records, observations of physicians, and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001).

In March 2017, Dr. Bray opined that Plaintiff suffered from moderate limitation in her ability to interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. at 321). The ALJ gave "some weight" to Dr. Bray's opinion in determining Plaintiff's RFC and stated that she "agrees" that Plaintiff had no more than moderate social interaction limitations. (Tr. at 20). She then explained why the marked limitations in Dr. Bray's opinion were not supported. *Id*. Dr. Bray's opinion, however, included a social limitation (accept instructions and respond appropriately to criticism from supervisors) that was not incorporated into the RFC and Plaintiff argues that the ALJ failed to explain why this limitation was not included. Plaintiff accordingly argues that the RFC is not supported by substantial evidence and does not provide sufficient limitations to account for Plaintiff's severe mental impairments. (Doc. 8, 9).

As Plaintiff cites, when an ALJ gives a treating physician's opinion "some" weight but does not explain why she disregards some of the limitations in the opinion, then remand may be required. *Porter v. Berryhill*, 2018 WL 1183400, at *12-13 (W.D. Mo. Mar. 7, 2018) (finding the ALJ erred where she gave an opinion some weight yet failed to explain why parts of the RFC were inconsistent with the opinion); *Richardson v. Colvin*, 2017 WL 6420283, at *2 (W.D. mo. Dec.

18, 2017) (remanding where the ALJ gave an opinion some weight and discounted two of the limitations but then failed to include the remaining limitations in the RFC and did not explain why they were not included); *Trotter v. Colvin*, 2015 WL 5785548, at *3 (W.D. Mo. Oct. 2, 2015) (remand required when the ALJ provided the opinion some weight but did not provide good reasons for discounting portions of the opinion); *White v. Astrue,* 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (finding error when the ALJ gave some weight to doctor's opinion but did not include the doctor's opinion about the claimant's functional restrictions into the RFC finding).

Dr. Bray's opinion included a moderate limitation in Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 321). The ALJ then did not include any limitation in Plaintiff's ability to accept instruction and respond appropriately to criticism from supervisors. *Id*. Plaintiff argues that "[w]hile ALJ [sic] did limit [Plaintiff] to occasional interaction with supervisors, such a limitation does not account for a limitation in her ability to respond appropriately to criticism from supervisors." (Doc. 8, 10-11) (citing *Richardson*, 2017 WL 6420283, at *2 (finding that a limitation to occasional interaction with supervisors did not account for a limitation in the ability to respond to criticism from supervisors.)).

However, the cases cited by Plaintiff, including *Richardson*, are easily distinguishable. In *Richardson*, the Defendant argued that an omitted social limitation was impliedly included in the ALJ's listed limitations. *See Richardson*, 2017 WL 6420283. Here, the Commissioner is arguing that the ALJ purposefully omitted the proposed limitation, which was explicitly not included within the social limitations determined by the ALJ. To Plaintiff's argument that the ALJ did not specifically address Dr. Bray's opined moderate limitation in the ability to respond to criticism from supervisors, the Commissioner asserts that the ALJ's analysis on Plaintiff's ability to interact with others is set forth in the opinion as a whole. (Doc. 9, 10) (citing Tr. 14).

The ALJ must resolve conflicts in the evidence, *see Jenkins v. Chater*, 76 F.3d 231, 233 (8th Cir. 1996), and provide an RFC based on all the evidence of record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ is instructed to explain why a medical opinion was not adopted if it conflicts with the RFC, SSR 96-8p, 1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 1996). The ALJ here found that Plaintiff could not work in locations with dense crowds, which is consistent with Plaintiff's statements that she had trouble being around people (Tr. 16, 35). It is also consistent with Dr. Bray's findings of moderate social limitations, including limitations in the ability to interact appropriately with the general public and to get along with coworkers without distracting them or exhibiting extreme behaviors (Tr. 16, 321). *See* 20 C.F.R. § 416.927(3)(c) (agency considers consistency and supportability of medical opinions). However, the ALJ did not find that Plaintiff required greater limitation in interacting with supervisors based on her own statement that she got along with authority figures and observations that she appeared cooperative at her appointments (Tr. 14, 200, 309, 680, 701, 715). These are sound reasons for not adopting the additional social limitation, and the record has no evidence that contradicts Plaintiff's own statements on the matter. The ALJ adequately explained why the additional social limitation was not adopted here. Therefore, substantial evidence supports the ALJ's RFC determination with respect to Plaintiff's social limitations.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Heather Eldred is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: December 7, 2020                                              _/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**United States District Judge**